[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the first special defense referring to a reduction for collateral source payments under section 52-225a of the General Statutes. A motion to strike can be used to challenge the legal sufficiency of a special defense. Several cases have been cited in the briefs of both parties on this issue. This Court adheres to the view that the credits to be given for collateral source payments are not a special defense to the plaintiff's cause of action, but rather a matter to be considered and resolved by the court after the plaintiff obtains a judgment. The court is required to make the determination in section 52-225a whether or not a claim of collateral source payments is specially pleaded.
The defendant claims that collateral source payments under section 52-225b amount to a setoff, which a defendant can plead in the answer based on section 168 of the Practice Book. While it is true that a setoff must be affirmatively alleged in the pleadings, Colonial Bank and Trust Co. v. Matoff, 18 Conn. App. 20, 29, a condition precedent to the setoff, as governed by section 52-139 of the General Statutes, is that the defendant's claim arises out of a debt due from the plaintiff. Petti v. Balance Rock Associates,12 Conn. App. 353, 362. See also Savings Bank of New London v. Santaniello, 130 Conn. 206, 211. The Court agrees with the decision in Rosiello v. Ladden, 2 CtLR 179, September 3, 1990 (Santos, J.), that collateral source payments under section 52-225a are not a setoff to a plaintiff's negligence action for personal injuries. The collateral source payments are made to the plaintiff based upon an insurance policy or a contract to pay for or reimburse the cost of hospital, medical, dental or other healthcare services. Section 52-225(b) C.G.S. That is not a claim by the defendant against the plaintiff based upon a debt by owed by the plaintiff to a defendant, and therefore is not the basis for a setoff.
The motion to strike the first special defense is granted.
ROBERT A. FULLER, JUDGE