[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#122) ANDPLAINTIFF'S MOTION FOR SANCTIONS (#116)
Defendant's Motion to Strike (docket entry no. 122 ) is granted. Plaintiff's Motion for Sanctions (docket entry no. 116) is denied.
The plaintiff, Pennie Edmonds, brought the instant action seeking to foreclose a judgment lien obtained in the state of New York against the defendant, David Hill.
In response, the defendant filed an answer and three special defenses. Thereafter, plaintiff's motion to strike the defendant's special defenses was granted by this court, Tobin, J. The defendant then filed a "substituted" answer, special defense of equitable estoppel, and set-off.
On September 25, 1995, the plaintiff filed a motion for sanctions against the defendant and his counsel and on September 29, 1995, a motion to strike the special defense and set-off contained in the defendant's "substituted" answer. On October 12, 1995, the defendant filed a memorandum of law in opposition to the motion to strike.
Pursuant to Practice Book § 152(5), a motion to strike may be used to contest the "legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein . . . ." "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
The plaintiff moves to strike the defendant's special defense of equitable estoppel on the grounds that it fails comply with Practice Book § 164 in that it fails to show that the plaintiff has no cause of action, and that the defendant is barred from attacking the underlying obligation by the doctrines of res judicata and collateral estoppel.
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a CT Page 13537 lien." First Federal v. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J.). In addition, courts have recognized various equitable defenses, including equitable estoppel because a foreclosure action is an equitable proceeding.
"Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse." (Citations omitted; internal quotation marks omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-04,613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992); see also Connecticut National Bank v. Voog, 233 Conn. 352, 366-67,659 A.2d 172 (1995). "Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exists and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) Id., 366.
In the defendant's special defense of equitable estoppel he alleges that the plaintiff has failed to reduce the prejudgment attachment it received on his property in accordance with an order of the court, and that the equity in the defendant's property is not sufficient to satisfy the liens on the property, yet the plaintiff has continued to prosecute the matter. However, the defendant has failed to allege facts to demonstrate that the plaintiff either induced or misled him, or that he acted or changed his position in reliance upon the conduct or representations of the plaintiff. Accordingly, the defendant's special defense of equitable estoppel is stricken.
The plaintiff also moves to strike the set-off alleged by the defendant on the ground that it is an unliquidated claim.
The controlling statute, § 52-139(a), provides in pertinent part that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other." "A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt due by the plaintiff. . . . A CT Page 13538 debt is defined as an unconditional and legally enforceable obligation for the payment of money." (Citations omitted; internal quotation marks omitted.) Petti v. Balance RockAssociates, 12 Conn. App. 353, 362, 530 A.2d 1083 (1987).
In the present case, the defendant alleges, by way of a set off, that "[t]he amount due Pennie Edmonds, if any, will be set off by the defendant's claim against Pennie Edmonds pending in this Court and bearing Docket #CV 94 0311794-S." Clearly, the defendant has failed to allege the existence of any debt due and owing from the plaintiff to him, and therefore the defendant's set-off is stricken.
The plaintiff has also moved for sanctions against the defendant and his counsel on the ground that the defendant has improperly realleged the special defense of equitable estoppel which was previously stricken by the court.
"[T]he task of determining whether sanctions should be imposed is inherently fact bound, and requires carefully circumscribed discretion to be exercised by the trial court."Double I Ltd. Partnership v. Planning Zoning Commission,218 Conn. 65, 84, 588 A.2d 624 (1991), quoting Fattibene v. Kealey,18 Conn. App. 344, 362, 558 A.2d 677 (1989).
In his substituted answer, the defendant alleged facts in support of his special defense, which were not present in his original answer. Therefore, the plaintiff's motion for sanctions is denied.
WEST, J.