[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE
The plaintiff in this foreclosure action, Walter Troj, moves to strike the special defenses, setoff, and counterclaims filed by defendants Gregory Lane and Janine Lane in response to the complaint, which seeks the foreclosure of a purchase money mortgage. For the reasons stated below, the court grants the plaintiff's motion.
In the complaint, the plaintiff alleges, inter alia, that defendant Gregory Lane "by his note . . . promised to pay to the order of Walter Troj the principal sum of $59,900.00, payable with interest thereon as provided in the Note," that "by deed . . . Gregory Lane, to secure the Note, mortgaged to Walter Troj a certain piece or parcel of land," and that Gregory Lane has defaulted on the note. The plaintiff further alleges that defendant Janine Lane has an interest in the property by virtue of a quit claim deed from Gregory Lane to Gregory Lane and Janine Lane. The plaintiff seeks a foreclosure of the mortgage and other relief. In the Lanes' responsive pleading, which is titled Third Revised Answer, Special Defenses, Setoffs and Counterclaim, they allege two special defenses, a setoff, and five counterclaims.
FIRST SPECIAL DEFENSE
In the first special defense, the Lanes allege the following: "the plaintiff and the defendant[s] entered into a contract of accord wherein the plaintiff agreed to a `payoff' figure and executed a release relating to same, in contemplation of the plaintiff receiving said `payoff' out of proceeds of a refinance. Thereafter, the plaintiff refused to accept the agreed upon amount for which he had previously executed the afore referenced release." The plaintiff moves to strike this defense on three grounds: (1) the facts alleged do not provide a defense because the allegations do not affect the making, validity or enforcement of the note or mortgage, (2) the payoff agreement lacks consideration, and (3) the payoff agreement fails to satisfy the CT Page 4889 Statute of Frauds, General Statutes § 52-550 (a).
An accord and satisfaction does affect the enforcement of a note and mortgage. "`Accord and satisfaction is a method of discharging a claim whereby the parties agree to give and accept something other than that which is due in settlement of the claim and to perform the agreement. An `accord' is the agreement, and `satisfaction' is its execution or performance. A valid accord and satisfaction completely discharges the obligor's existing duties and constitutes a defense to any attempt to enforce claims based on such duties." 1 Am.Jur.2d, Accord and Satisfaction § 1. "Accord and satisfaction and payment are affirmative defenses which should be pleaded." Strang v. Witkowski,138 Conn. 94, 99, 82 A.2d 624 951); Practice Book § 164.
The defendants have not, however, sufficiently plead an accord and satisfaction. They have failed to allege facts that show the accord is supported by consideration. "An accord is contractual in nature. Thus, in order to discharge a claim by means of accord and satisfaction, the essentials to a valid contract must be present, including proper subject matter, competent parties, a meeting of the minds of the parties, and consideration." 1 Am.Jur.2d, Accord and Satisfaction § 5. "The defendant does not claim, nor has he pleaded, that his debt has been paid in full. He has alleged an accord executory. `[An] accord is an agreement; but there is no agreement, without a consideration; and receiving part only, is no consideration for an agreement not to collect the rest; it is a nude pact.' Warrenv. Skinner, 20 Conn. 559, 561." W. H. McCune, Inc. v. Revzon,151 Conn. 107 (1963). "[T]he failure to make a payment or otherwise perform an act required by a new agreement entered into in satisfaction of a claim leaves such an agreement a mere executory accord, which is unenforceable and will not bar an action on the original obligation. The party asserting an accord and satisfaction must show fulfillment in strict accordance with its terms. Part performance of the agreement for accord and satisfaction is not sufficient to discharge the original debt; nor is a mere tender of performance." 1 Am.Jur.2d, Accord and Satisfaction § 47. Since the Lanes have failed to allege facts on which consideration, however slight, can be based, the court concludes that the allegations of the first special defense fail to adequately allege a defense. Because the defense fails for lack of consideration, there is no need for the court to discuss the Statute of Frauds argument. The motion to strike this defense is granted. CT Page 4890
SECOND SPECIAL DEFENSE
In the second special defense, the Lanes allege "The plaintiff has failed to provide a credit to the defendant for monies tendered to date by the defendant to the plaintiff." The plaintiff moves to strike this defense on the ground the defense "does not arise out of the making, validity or enforcement of the note and mortgage, and therefore is not a proper special defense." Because the refusal of a mortgagee to accept a partial payment does not affect the making, validity or enforcement of the note or mortgage, the refusal is not a defense to a foreclosure, although the refusal may be an equitable matter to be taken into account when computing the interest owed on the loan. The motion to strike this defense is granted.
Set Off
The Lanes allege by way of setoff that the plaintiff agreed to extend a water main to serve the mortgaged property, that he failed to perform the agreement, and that the defendants estimate the cost of extending the water main to be $7,900.00. "The law of setoff is governed by General Statutes § 52-139. The relevant portion of that statute provides: `(a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other.'. . . A condition precedent to the application of §52-139 is that the defendant's claim arise from a debt due by the plaintiff." Petti v. Balance Rock Associates, 12 Conn. App. 353,362, 530 A.2d 1083 (1987). The Lanes have not alleged a liquidated debt but an unliquidated claim. Consequently, they have not alleged a setoff. The motion to strike the setoff is granted.
COUNTERCLAIMS
The Lanes have filed five counterclaims. Each counterclaim relates to the Lanes' efforts to refinance the property with another lender. The Lanes allege that the plaintiff agreed to a payoff figure on three occasions and on each occasion refused to accept the payoff figure. They claim that each refusal constituted a breach of a contract (first three counterclaims). They further allege the plaintiff told the potential lender that he would not accept the payoff figure. The Lanes claim that this CT Page 4891 communication was done in such a manner that it constituted a violation of the Connecticut Unfair Trade Practices Act, General Statute § 42-110b, et seq. (fourth counterclaim) and an unlawful interference with their business relations (fifth counterclaim).
The plaintiff moves to strike the counterclaims on the grounds the counterclaims (1) do not arise from the making, validity or enforcement of the note and mortgage and (2) do not set forth the necessary elements of a cause of action. Because the court agrees with the plaintiff's first contention, the second one will not be addressed.
A defendant may assert a counterclaim in a case "provided that such counterclaim . . . arises out of the transaction or one or the transactions which is the subject of the plaintiff's complaint." Practice Book § 116. The "transaction test" set forth in Practice 116 "is a rule designed to permit joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983). If a defendant's claim does not arise out of the transaction that is the subject of the plaintiff's complaint, the defendant should prosecute the claim not by way of counterclaim but by a separate law suit.
In the present case, the subject of the plaintiff's complaint is the foreclosure of a mortgage that was given by Gregory Lane to secure a note. The Lanes' counterclaims, on the other hand, sound in tort. The counterclaims are based on factors that do not involve the making, validity or enforcement of the note or mortgage, but relate to the Lanes subsequent effort to refinance the property. Since the Lanes' claims are not related to the factual or legal issues in the plaintiff's complaint, a duplication of effort will not result if the their claims are separately tried. Because the defendants' claims do not arise out of the foreclosure action, the motion to strike the counterclaims is granted.
The motion to strike is granted.
THIM, J.