[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7578 RE: MOTION TO STRIKE #110
The plaintiff, I. Brown Brothers Upholsterer's, Inc., filed a one-count amended complaint against the defendant, Susan Kireker, on March 31, 1998.[1] The plaintiff alleges the follow facts. The plaintiff operates a furniture and interior design store in Fairfield, from which the defendant ordered merchandise. All orders for merchandise and service required payment upon delivery. The defendant ordered merchandise from the plaintiff from November of 1994 through April of 1997. Throughout 1996, the defendant indicated to the plaintiff that she was not ready for delivery and requested that the plaintiff retain the merchandise until delivery could be made. The plaintiff continued to store merchandise for the defendant up until July 31, 1997, when the plaintiff insisted upon payment full for all items ready for delivery. Despite repeat demands, the defendant has refused to accept delivery of or pay for this merchandise. The amount due for the merchandise $90,197.64, taking into account an $80,990.13 deposit and $20,000 payment by the defendant. Additional materials purchased by the defendant for draperies and window treatment total $37,288.66. The plaintiff also alleges it is owed $13,250 in lost profits. Furthermore, the plaintiff alleges that defendant is liable pursuant to an agreement between the parties for late charges, collection costs and reasonable attorney's fees. The total amount of plaintiff's claim is $131,810.84.
Pursuant to Practice Book § 168, now Practice Book (Rev. 1998) § 10-54, the defendant filed a set-off,[2] claiming that between November of 1994 and April of 1997, the defendant deposited various sums against purchases from the plaintiff in the amount of $52,000. The defendant claims a set-off for this amount as well as the liquidation value of any items ordered or being held which are not delivered to the defendant. On March 31, 1998, the plaintiff filed a motion to strike the defendant set-off on the grounds that "there is no debt owing to the Plaintiff and all deposits and payments have been properly credited to the Defendant," and "no debt exists independent of the transactions for the sale of the furnishings upon which this action is based." Plaintiff's Motion To Strike). The defendant has not submitted any opposition to the motion. The matter was heard by the court on May 4, 1998.
"In any case in which the defendant has . . . [a] right of CT Page 7579 set-off, against the plaintiff's demand, the defendant may have the benefit of any such set-off . . . by pleading the same such in the answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers." Practice Book § 168, now Practice Book (Rev. 1998) § 10-54. A plaintiff can move to strike part of an answer such as a special defense counterclaim. Cf.Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978) (moving to strike special defense).
"In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against the other." General Statutes § 52-139 (a). "A condition precedent to the application of § 52-139 is that the defendant's claim arise from a debt by the plaintiff. . . . A debt is defined as an unconditional and legally enforceable obligation for the payment of money." (Citations omitted; internal quotation marks omitted.) Petti v. Balance Rock Associates,12 Conn. App. 353, 362, 530 A.2d 1083 (1987). "A set-off is made when the defendant has a debt against the plaintiff arising out of a transaction independent of the contract on which the plaintiff sues, and desires to avail himself of that debt, in the existing suit, either reduce the plaintiff's recovery, or to defeat it altogether, and, as the case may be, to recover a judgment in his own favor for a balance." Bank of Boston Connecticut v.Avon Meadows Associates, 40 Conn. App. 536, 541,671 A.2d 1310, cert. denied, 237 Conn. 905, 674 A.2d 1329 (1996).
When viewed in the light most favorable to the defendant, the defendant's set-off fails to plead a debt owed by plaintiff independent of the parties' contractual obligations upon which the plaintiff has brought suit. The grounds of set-off are alleged to be a $52,000 deposit made by the defendant and the liquidated value of any items ordered or being held which are not delivered to the defendant, which involve claims central to the plaintiff's underlying case.
As the defendant has not pleaded facts indicating that alleged debt owed by the plaintiff is independent of underlying debt, the plaintiff's motion to strike the defendant's set-off is granted.
David W. Skolnick, Judge CT Page 7580