[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant matter comes to this court as a collections case, with an equitable claim and breach of agreement claims. The plaintiff filed a two count complaint. The first count sounded in breach of a promise, resulting in the non-repayment of money. The plaintiff claims that the defendant owes her $11,000 because that is the amount she lent him in order to make improvements in his house, a house that the plaintiff believed the defendant would be selling to her. The second count states an equitable claim, based on the doctrine of unjust enrichment. The plaintiff alleges that the defendant has been unjustly enriched because he has failed to repay the money. The defendant filed an Answer and a Special Defense in which he denies that he owes the plaintiff money and maintains that the plaintiff breached an agreement with him, in that she began paying for and commenced renovations on his house which she failed to complete, leaving his house in a less valuable state. The plaintiff denied leaving the defendant's property in worse condition and denied that the defendant is entitled to any credit for reparative work he had to do as a result of the incomplete renovations.
The issues presented at trial were: (1) whether or not the parties entered into a legally binding agreement which this court can and/or must enforce; and (2) if no legally enforceable agreement existed between the parties, whether or not the plaintiff is entitled to equitable relief.
For reasons more fully set forth in this decision, the court finds that the parties did not enter into a legally enforceable agreement. Consequently, neither the plaintiff nor the defendant can prevail on her/his claim for breach of agreement. The evidence produced at trial does, however, support the plaintiff's claim for equitable relief.
 Findings of Facts
Interestingly, there are very few factual disputes in this case. Both parties agree that in 1993, the defendant verbally agreed to sell his house to the plaintiff. Both parties also agree that the plaintiff gave the defendant $11,000 to make renovations to the house. There is no dispute that the plaintiff gave the defendant cash and a check, amounting to $11,000 over a CT Page 203 period of two years. Both parties also agree that the money was not a gift. They concur that the money was given in exchange for a promise by the defendant to sell the plaintiff his house. Both parties testified that there were conversations between them regarding the changes the plaintiff wanted to make to the house. These changes required blue print renovations which the plaintiff agreed to finance. The improvements were to be made to the plaintiff's specifications.
There is a dispute as to the exact terms of this oral agreement to pay for home renovations. The plaintiff testified that she believed that the $11,000 would be a sufficient amount to pay for the renovations. The defendant testified that he believed the agreement was that the plaintiff would pay for the costs of the renovations, whatever the final amount. The parties do agree, however, that the renovations were undertaken, solely, as a part of their oral agreement that the defendant would sell his home to the plaintiff. The defendant contends that an additional term in their oral agreement was that he would be allowed to stay in the home for a couple of summers with the plaintiff after the plaintiff purchased it.
At certain points in 1993, 1994, and 1995 it appears that the defendant did intend to sell his home to the plaintiff. He changed his mind in 1996, as was his legal right. The renovations, which the plaintiff and he had begun, were never completed. He never returned the money given to him by the plaintiff. After their agreement fell apart, the plaintiff requested of the defendant, in writing, that he repay her the $11,000. She made this demand for repayment in 1997. The defendant to date, has not repaid any of the money. The plaintiff alleges that because the defendant neither sold her the house nor repaid her the money, he has breached his agreement with her and been unjustly enriched.
At trial the plaintiff presented four witnesses to attest to the fact that she lent the defendant money which he never repaid. The defendant testified on his own behalf and did not call any other witnesses.
From the evidence adduced at trial this court finds that the plaintiff did in fact give the defendant $11,000, not as a gift, but in consideration for his verbal promise to sell her his home. She viewed it as the first step in securing the purchase of the defendant's home. She gave the money, believing that it would CT Page 204 ultimately be returned to her, in the form of a credit toward the purchase price of the home. The defendant never sold the plaintiff the home and therefore, she did not receive the credit. Neither did she receive the return of her money after she made a formal demand for repayment. This court also finds that, as a result of the parties oral agreement, the defendant believed that his home would be improved and that the plaintiff would pay for these improvements. This court also finds that the defendant had agreed to sell his house to the plaintiff on the condition that he be allowed to reside in the home during certain ensuing summers.
 Legal Discussion
Breach of Agreement
This court is constrained by the law to craft a remedy. Under Connecticut law, an oral agreement to purchase real estate is unenforceable. Connecticut General Statutes (hereinafter "C.G.S.") § 52-550. Section 52-550 of the C.G.S. provides, in pertinent part, that:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged. . . (4) upon any agreement for the sale of real property or any interest in or concerning real property.
Therefore, the agreement reached by the parties, that the plaintiff would pay for home improvements and allow the defendant to reside in the residence during certain summers in exchange for the defendant's agreement to sell her his house, is unenforceable. That agreement is a legal nullity. Thus, this court finds in favor of the defendant on the First Count of the Plaintiff's Complaint and in favor of the plaintiff on the defendant's Special Defense.
The First Count of the plaintiff's complaint seeks to hold the defendant liable for "refus[ing] to enter into an agreement to sell, and . . . refus[ing] to repay the said $11,000 although demand has been made." First, the plaintiff cannot legally compel the defendant to sell real property based on an oral agreement. Thus, when the plaintiff gave the defendant $11,000, her intent in giving the money is not determinative of the disposition in CT Page 205 this case if such intent was predicated upon an oral agreement to sell real property. The facts support a conclusion that the plaintiff intended to have the money returned to her in the form of a credit on the purchase price for the house. However, far from being merely a "loan", the $11,000 represents the plaintiff's consideration in her agreement with the defendant. Therefore, the plaintiff cannot prevail on the First Count of her Complaint and the defendant's Special Defense must fail, too.
Second, because the $11,000 represents consideration in an unenforceable contract the plaintiff failed to establish at trial that her transmittal of money to the defendant was a loan which gave rise to a legal debt. The plaintiff presented evidence that the defendant acknowledged to her and her brother that he was not entitled to keep the money. The defendant did not contradict this. The plaintiff also presented evidence that the defendant acknowledged that he had an obligation to repay the money and that he intended to do so. The defendant, again, did not contradict this. However, the plaintiff failed to sufficiently establish the existence of a debt, in the legal sense of the term. "A debt is defined as an `unconditional and legally enforceable obligation for the payment of money.' Ballentine's Law Dictionary (3rd Ed)." Petti v. Balance Rock Associates,12 Conn. App. 353, 362 (1987). Indebtedness, in its strict legal meaning, applies only to an obligation arising from contract, express or implied. Lenox Realty Co. v. Hackett, 122 Conn. 143,146 (1936). No enforceable contract, either express or implied, exists in this case. Therefore, the plaintiff cannot prevail on the first count of her complaint.
Unjust Enrichment
The plaintiff's second count alleges that the defendant was unjustly enriched. The law is that one is unjustly enriched when one is benefitted [benefited]; when one does not repay the individual who bestowed the benefit; and when the failure to repay was to the detriment of the individual who bestowed the benefit. HartfordWhaler's Hockey v. Uniroyal, 231 Conn. 276, 283 (1994). Unjust enrichment is an equitable remedy which is appropriate where "in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." Schleicher v. Schleicher,120 Conn. 528, 534 (1935).
The plaintiff has provided ample evidence to make a prima CT Page 206 facie case of unjust enrichment. The defendant received the $11,000, to which he had no legal entitlement. The defendant did not repay the money, and has provided no legally sufficient excuse for the non-payment. The defendant's failure to repay the money has resulted in the plaintiff's inability to use $11,000 of her own money for her own purposes. The defendant also failed to present any valid legal defense to the claim. His attempt to use, as a special defense, the legally unenforceable agreement — which he broke — cannot succeed.
At trial the defendant countered the plaintiff's claim by arguing that he was not unjustly enriched because his home was left in worse condition after the incomplete renovations. The crux of his argument is that it is impossible to be unjustly enriched when one's overall position or condition has worsened rather than improved. This is simply an inaccurate interpretation of the law.
It is a curious peculiarity of contract law that the concept of unjust enrichment includes, not only situations in which the defendant was truly enriched, but also scenarios in which the plaintiff was unjustly caused to suffer a loss.
 "A person who has been unjustly enriched at the expense of another is required to make restitution to the other . . . It should be emphasized, however, that this is a principle which underlies many particular rules rather than an operative rule. Taken as a rule it would at the same time be too broad and too narrow. Too broad, because there are situations in which one's sense of justice would urge that unjust enrichment has occurred, yet no relief is available. Too narrow, because very often restitution is available where there has been no enrichment of the defendant but the plaintiff has suffered a loss. For example, the plaintiff seeks restitution for the value of his performance pursuant to a contract unenforceable under the Statute of Frauds, the measure of recovery is ordinarily the losses sustained by the plaintiff . . . as a result of the breach. Not infrequently, however, this result is articulated in manipulative terms by artificially labeling the losses sustained by the plaintiff as benefits conferred upon the defendant." (Internal quotations and citations omitted).
Calamari and Perillo, The Law of Contracts, Chapter 15, §15-2 (3rd ed., 1987). CT Page 207
In his Post-Trial Brief the defendant cites two appellate court cases as foundation for his position. Pokorny v. Getta'sGarage, 219 Conn. 439 (1991) and Polverari v. Pratt,29 Conn. App. 191 (1992). Those cases, he suggests, support his interpretation of the appropriate definition of "unjust enrichment." Relying particularly on Pokorny and Polveraris, the defendant argues that this court cannot possibly find that he was unjustly enriched. Those cases are both inapplicable and unsupportive.
The facts of Polverari are distinguishable from those in the instant matter. Of relevance to this case, the Polverari court reiterated the requirement that to prevail upon an unjust enrichment claim a court must find that in a given situation it is "contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." Polverari, supra at 200. It also noted that whether a payment constitutes unjust enrichment is an issue of fact for the trial court. Id. at 201. Given that whether defendant was unjustly enriched is a factual issue, it is for this court to make the factual determination based on the evidence presented at trial.
Pokorny, the other appellate court case upon which the defendant relies, is also clearly distinguishable from this matter. It is a Worker's Compensation case in which the employer was not ordered to pay his employee's medical bills, which had been paid by an insurance carrier. The claim was made that the employer was unjustly enriched because he had a legal obligation to pay the employee's medical bills. The Supreme Court held that:
 "It is true, as the plaintiff suggests, that in this case American is `enriched' by not having to pay the amount of the medical bills that the medical insurance carrier paid. We cannot say, however, that the enrichment is `unjust'. . . American is no more `unjustly' enriched here than in any other case where one who purportedly owes money to another is permitted to retain the money because the creditor fails to assert its rights in a timely manner. Moreover, to the extent that the defendants are enriched, such an outcome is the result of the presumed laxity of the medical insurance carrier."
CT Page 208
Pokorny, supra at 462.
The facts in the instant matter establish that the plaintiff made a timely and sufficient demand for the repayment of money to the defendant. She requested repayment in a letter dated June 19, 1997. Whereas Pokorny involved a party who was enriched by the failure of another party to timely pursue appropriate legal remedies, no such situation exists in this case. Though the facts are inapplicable, the legal principle set out by the Supreme Court in Pokorny contravenes the defendant's position. In the instant matter a benefit came to the defendant in the form of $11,000 at the expense of the plaintiff. The plaintiff took appropriate legal steps to seek redress and repayment. Consistent with the holding in Pokorny this court finds that it would be contrary to the principles of equity and good conscience for the defendant to retain the benefit.
The defendant testified that the value of his home diminished because of the unfinished renovations. This diminution, he argues, should preclude a factual finding that he was unjustly enriched. His argument misses the point. He had no legal entitlement to have the plaintiff improve his property. Surely, he had reached an agreement with the plaintiff that she would do just this, in exchange for his agreement to sell her his home. But, as stated earlier, this agreement is legally unenforceable. Moreover, the plaintiff was agreeing to improve property she believed would be hers. There was no intention of giving the money to the defendant. Thus, the defendant's arguments can not prevail.
It does not matter to this court whether the defendant took the money and invested it in the stock market, or whether he bought a car with it, or whether he took a vacation with it, or whether he initiated home improvements. He took the money. He was not legally entitled to keep it. He failed to repay it. He was unjustly enriched. Therefore, the plaintiff is entitled to judgment on her claim in Count Two.
 Conclusion
This case presents a terribly sad situation, with no true winners or losers. It is unfortunate that these parties were unable to fashion a peace between them. Given the facts in this case, one can only surmise that it represents more than a real estate deal gone bad. The passion, tears, and obstinancy which CT Page 209 the parties brought to the trial belie their claims that this case is truly about their pecuniary interests.
Though, legally, the plaintiff prevails, that does not mean that this court views her as being a purely innocent victim. The defendant neither asserted nor presented any evidence to support a "clean hands" defense, however, it appears that, using the terms in the vernacular rather than legal sense, the plaintiff may not have had them. Clearly, the defendant has suffered as a result of the parties' aborted enterprise. The defendant, however, did not assert any actionable claims in this case to remedy the harm.
Based on the facts presented at trial, the court finds that the plaintiff has sustained her legal burden of proof regarding her claim that the defendant was unjustly enriched, but failed to sustain her burden to prove her claim in the first count. Therefore, this court finds for the plaintiff and awards her $11,000 in damages.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT