[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves landscaping services rendered by the plaintiff, Ceci Brothers, Inc., on property owned by the defendant, Five Twenty-One Corp., and located at 521 North Street in Greenwich.[1] The matter was referred to an attorney trial referee, Alfred H. Hoddinott, Jr., Esquire, as authorized by General Statutes § 52-434 (a) (4) and Practice Book § 19-2A. The referee recommended judgment in favor of the plaintiff for $44,248, plus prejudgment interest from January 1, 1996, and judgment for the defendant on its counterclaim in the amount of $8,700.
The plaintiff did not file an objection to the referee's report as authorized by Practice Book § 19-14[2], and the defendant's only objections involve the calculation of prejudgment interest, and offer of judgment interest. In fact, the defendant stated in a brief that the attorney trial referee had: "focused on the facts of the case and decided the same in a fair manner." In order to rule on the issues involving interest, it is necessary to set forth the chronology of events in this lengthly and hard-fought controversy which has been to the Appellate Court and comprises ten files in this court.
The case began on November 20, 1995 with the filing by the plaintiff of a mechanic's lien on the defendant's property in the amount of $52,918. On January 18, 1996, the plaintiff commenced an action to foreclose this lien. On April 12, 1996, the plaintiff filed an offer of judgment in the amount of $40,000 in accordance with General Statutes § 52-192a (a) and Practice Book § 17-14.[3] The plaintiff's original complaint of January 18, 1996 was amended on June 24, 1996, to add a count claiming breach of contract. The defendant's motion in this court to discharge the mechanic's lien pursuant to General Statutes § 49-35a (a) was denied, Nadeau, J. The defendant appealed to the Appellate Court, and in a decision issued on February 16, 1999, in Ceci Brothers, Inc. v. FiveTwenty-One Corporation, 51 Conn. App. 773, 776, 724 A.2d 541 (1999), it was decided that a mechanic's lien could not be filed for landscaping CT Page 13431 services. After the Appellate Court decision was issued, the plaintiff again amended its complaint on July 14, 1999 to eliminate the reference to a mechanic's lien. The plaintiff did not file a new or second offer of judgment at any point. On May 29, 2002, after the attorney trial referee had submitted his report on April 11, 2002, the plaintiff sought an attachment of the subject premises which was granted on July 8, 2002, in the amount of $109,645.
The attorney trial referee conducted a trial and then submitted a report to the court containing his factual findings, conclusions and recommendations as required by Practice Book § 19-8. The referee made the following factual findings: (1) the defendant corporation accepted a proposal from the plaintiff on or about March 20 1995, pertaining to the providing of landscaping services on the defendant's 27 acre estate for a total payment of $125,000 for that year; (2) the plaintiff performed this contract in a satisfactory manner and the defendant was not justified in terminating the contract in October of 1995, before the work was completed and the plaintiff had been fully paid; (3) the plaintiff and the defendant also agreed that the plaintiff would provide containers for debris and would remove the debris from time to time; and (4) the plaintiff contracted to rebuild a portion of a stone wall surrounding the subject premises, and this work was performed by the plaintiff in a negligent and unsatisfactory manner.
Based on these findings of fact, the attorney trial referee concluded that: (1) the plaintiff was owed $37,755 for the breach of the landscaping contract and $6,493 for providing containers and disposing of debris, a total due the plaintiff of $44,248; (2) because of the negligent rebuilding of a portion of the stone wall, the defendant was entitled to recover $8,700 on its counterclaim; (3) the defendant wrongfully withheld the money it owed to the plaintiff which is therefore entitled to recover General Statutes § 37-3a[4] prejudgment interest beginning on January 1, 1996. The attorney trial referee subsequently recommended that the rate of interest be 8% per year based on a stipulation by the parties agreeing to that figure; and (4) although the referee also recommended that the defendant recover $8,700 on its counterclaim, he did not refer to or recommend prejudgment interest in connection with the counterclaim. Additionally, the defendant did not file an offer of judgment with respect to its counterclaim.
The defendant does not object to the imposition of prejudgment interest based on General Statutes § 37-3a, but contends that such interest must be suspended or tolled for the time period during which the defendant pursued its successful appeal to the Appellate Court regarding the propriety of filing a mechanic's lien for landscaping services. The CT Page 13432 appeal was pending from on or about July 22, 1997 to February 16, 1999, when the decision in favor of the defendant was rendered. The defendant also argues that this interest should only be imposed on the net recovery by the plaintiff, that is, not on $44,248 but that figure less the $8,700 that was awarded to the defendant and is to be set off, according to the defendant, against the award to the plaintiff.
The defendant's second objection concerns offer of judgment interest. It is the defendant's contention that such interest should not be imposed for several reasons. The first argument is that when the defendant's recovery of $8,700 is set off against the plaintiffs recovery of $44,248, the net recovery is less than $40,000, the amount specified in the offer of judgment. The next claim is that the offer of judgment was based on a one-count complaint seeking the foreclosure of a mechanic's lien, which was later ruled to be invalid, and that no other offer of judgment based on breach of contract was ever filed. The defendant claims that it could not have accepted the offer of judgment when it was filed because it was based on an invalid mechanic's lien. When the complaint was subsequently amended on June 24, 1996 to include an allegation of breach of contract, which was the basis on which the attorney trial referee recommended judgment for the plaintiff, the defendant argues that there should have been a new offer of judgment based on a valid cause of action.
Thus, the issues are whether prejudgment interest is suspended during a successful appeal, whether the award to the defendant should be set off against the award to the plaintiff, whether recovery of offer of judgment interest should be based on the net figure after a successful counterclaim, and whether an offer of judgment based on a cause of action later ruled to be invalid is still operative after the complaint is amended.
As to prejudgment interest under General Statutes § 37-3a, the awarding of prejudgment interest is clearly an issue for the trier of fact. Foley v. Huntington Co., 42 Conn. App. 712, 738, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). The defendant agrees that prejudgment interest may be awarded, but disagrees with the amount on which interest is calculated and the period during which such interest is imposed. According to Paulus v. Lasala, 56 Conn. App. 139, 148,742 A.2d 379, cert. denied, 252 Conn. 928, 746 A.2d 789 (2000), it is a question of law as to termination and presumably the starting point of such interest "because it requires a resolution of the meaning of the words of a statute."
Whether prejudgment interest should be imposed on the total award to CT Page 13433 the plaintiff or only on the net amount after setting off the recommended award to the defendant involves the relationship between a counterclaim and a set off. Practice Book § 10-10 provides that a counterclaim by a defendant must "arise[s] out of the transaction . . . which is the subject of the plaintiffs complaint." It is an action in which a defendant "might have secured affirmative relief had the plaintiff been sued in a separate action." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160, 459 A.2d 525 (1983). A set off, on the other hand, is defined as: "[a] counterclaim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of plaintiffs cause of action. . . "Black's Law Dictionary (5th Ed. 1979) (Emphasis added.)
General Statutes § 52-139 describes set offs as "mutual debts one [of which] may be set off against the other." A condition precedent for a set off is that the defendant's claim is based on a debt owed by the plaintiff, "an unconditional and legally enforceable obligation for the payment of money." (Citation omitted.) Petti v. Balance Rock Associates,12 Conn. App. 353, 362, 530 A.2d 1083 (1987). The defendant alleged a counterclaim in this present action because the plaintiff's performance regarding the stone wall was part of the same transaction, landscaping, for which the plaintiff is recovering on its complaint. Therefore, it is not a set off and interest will be calculated on the total due the plaintiff for breach of contract, $44,248, not on that amount less the counterclaim.
The defendant also claims that during the pendency of the appeal to the Appellate Court regarding the propriety of a mechanic's lien, that is, from July 22, 1997 to February 16, 1999, prejudgment interest should be suspended. The plaintiff agreed to accept $40,000 in its offer of judgment. Once the complaint was amended on June 24, 1996, to include a claim of breach of contract, the defendant could have paid that amount and settled the case. It chose to keep litigating even after the plaintiff added a count of breach of contract, and the appeal regarding the mechanic's lien had nothing to do with the breach of contract claim.
However, until the plaintiff amended its complaint on June 24, 1996 to add a breach of contract claim, which cause of action was the basis for recovery from the defendant, the plaintiff had not set forth a valid cause of action because the mechanic's lien was subject to being vacated and an action to foreclose the lien was improper. It seems most logical and just to commence the running of prejudgment interest on the date when the plaintiff first pleaded a valid cause of action. Thus, prejudgment interest at 8% per year from June 24, 1996 to the date of judgment amounts to $22,389. The addition of interest to $44,248 results in a judgment for the plaintiff for $66,637. CT Page 13434
As to offer of judgment interest, the plaintiff filed such an offer on April 12, 1996. General Statutes § 52-192a (a) and Practice Book § 17-18 obligate a court to examine the file to see if and when an offer of judgment was filed.[5] The plaintiff filed such an offer in the amount of $40,000, which is less than the amount of the judgment, and such offer was filed within eighteen months of "the filing of the complaint" on January 26, 1996. The defendant did not file an offer of judgment on its counterclaim which is a separate cause of action.
Whether the recommended award of $8,700 on the defendant's counterclaim should be a set off against the plaintiff's recovery was discussed in connection with the awarding of prejudgment interest and involves the distinction between a counterclaim and a set off. The defendant's complaint against the plaintiff concerning the rebuilding of a portion of a stone wall was clearly a counterclaim. Hence, the defendant's recovery should not be set off against the plaintiff's recovery.
In the court's view, there was no obligation on the part of the plaintiff to file a second offer of judgment after it added a count claiming breach of contract, or after the Appellate Court decision involving a mechanic's lien for the reasons noted previously in connection with prejudgment interest, viz., that the appeal did not involve a breach of contract.
The plaintiff therefore is entitled to offer of judgment interest at 12% a year, but again it appears to be most equitable and logical to begin the offer of judgment interest not when the original complaint was filed with the court in January of 1996, but rather starting on June 24, 1996, the date when the complaint was amended to include a claim of breach of contract, the ultimate basis for recovery. There is no logical reason why a defendant should entertain and/or accept an offer of judgment based on a cause of action, the foreclosure of a mechanic's lien, which was not a proper or valid cause of action. Therefore, offer of judgment interest should begin on June 24, 1996, and run to the date of judgment. This interest at 12% per year amounts to $50,577, which, when added to the judgment and prejudgment interest, amounts to a total judgment in favor of the plaintiff for $117,214. Judgment also enters for the defendant to recover from the plaintiff the sum of $8,700 on its counterclaim as recommended by the attorney trial referee, but without offer of judgment interest or prejudgment interest.
Since both parties prevailed on their complaint and counterclaim, attorney's fees and taxable costs are not awarded to either party. CT Page 13435
So Ordered.
Dated at Stamford, Connecticut, this 21ST day of October, 2002.
William B. Lewis, Judge (T.R.)