BRIDGEPORT SINGER EMPLOYEES FEDERAL CREDIT
UNION *v.* BRENDA PICZKO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-6512-41026

Argued April 1—decided April 29, 1966

*Thomas N. Moore,* of Bridgeport, for the appellant (plaintiff).[1]

DEARINGTON, J. The plaintiff brought an action for the balance due on a promissory note. It filed a motion for default and affidavits of debt and of military service as required by § 879 of the Practice Book. No appearance was entered for the defendant and in accordance with § 882 of the Practice Book the court ordered judgment rendered for the plaintiff. The record consists solely of a common counts complaint, a bill of particulars, a copy of the promissory note and the pleadings required under our trial court rules. Practice Book §§ 878, 879. The note provided for the costs of collection,

---

[1] There was no appearance for the defendant in the trial court or in the Appellate Division.

including a reasonable attorney's fee. Judgment was rendered for the plaintiff in the amount of $450.65, together with costs including an attorney's fee of $100. The plaintiff in its sole assignment of error contends that the court abused its discretion in its determination that $100 was a reasonable attorney's fee.

In its affidavits of debt, the plaintiff sought an attorney's fee of $170.42. It argues that the schedule of fees adopted by the Bridgeport bar association as it refers to collection accounts would, if applied, result in a fee of $172.32 and that the trial court should have taken judicial notice of the schedule. The schedule of fees does not appear in the record and we have no way of reviewing this matter. It is extremely doubtful, however, in this situation, that a trial court could take judicial notice of the contents of such a document under the rule set forth in *Nichols* v. *Nichols,* 126 Conn. 614, 620.

There are no certain or scientific rules to govern the determination of a reasonable attorney's fee. It is a problem that has always plagued and perplexed the legal profession. This is so because a fee may be dependent on many factors and circumstances which do not easily lend themselves to monetary evaluation. "A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in case of a clear abuse of discretion by the trier may we interfere." *Hoenig* v. *Lubetkin,* 137 Conn. 516, 525.

In proceeding under what is generally referred to as a Rule 4.9 procedure (thus adopting the original rule number, now §§ 876–884 of the Practice Book), no actual court attendance is required. Pro-

ceedings under this rule do not obtain in either the Superior Court or the Court of Common Pleas. The proceeding is comparatively simple and uncomplicated, for, following a default, the plaintiff merely files affidavits of military service and debt, upon receipt of which the clerk brings the pleadings to the attention of the court and thereafter a judgment enters for the plaintiff. The question of an attorney's fee ordinarily arises in those instances in which the plaintiff seeks such a fee because the supporting instrument provides for a reasonable attorney's fee. The plaintiff may set forth in his affidavit of the debt the amount of the attorney's fee sought. Since no actual court attendance is required by the attorney, and one is seldom made, the question confronting the trier is the reasonableness of the amount sought by the plaintiff. There being no evidence offered to prove its reasonableness, the court must of necessity depend on its own sound judgment, knowledge and experience in such matters. See *Gruskay* v. *Simenauskas,* 107 Conn. 380, 387.

A provision in an instrument for the payment of an attorney's fee in the event of a suit to enforce compliance with the terms of the instrument is strictly for the benefit of the party entitled to performance. Such a stipulation does not limit or control the fee the attorney may charge his client. 7 Am. Jur. 2d, Attorneys at Law, § 258. It has been held that such a fee is, generally speaking, in the nature of an indemnity contract. While this principle is not applied strictly, it has been deemed to be tantamount to a requirement that the amount recoverable for an attorney's fee should be a reasonable amount. 7 Am. Jur., Bills and Notes, § 142.

When an attorney elects to proceed under Rule 4.9, he must recognize that in so doing he may forgo

actual court attendance and thus the right to be heard on the question of damages. But the plaintiff is not compelled to proceed under Rule 4.9, for he may elect to go forward under the usual rules of civil procedure. In that event, the plaintiff is entitled to present evidence to support his claim as to the reasonableness of the fee he seeks. Practice Book § 288. If the plaintiff is then aggrieved by the determination of the court in fixing the amount of an attorney's fee, he may appeal from the judgment to the Appellate Division for a review of the matter. The finding of the trial court may then be examined. See *Hoenig* v. *Lubetkin*, supra, 524; *Phelps* v. *Hunt*, 40 Conn. 97, 100. In the instant case, the record is barren of any material which this court might examine in determining the issue.

There is no error.

In this opinion PRUYN and KINMONTH, Js., concurred.