KIMBERLY GERHARD *v.* ANDRE VERES
(11213)

LANDAU, HEIMAN and SCHALLER, Js.

Argued December 10, 1992—decision released February 2, 1993

*Deborah M. DelBuono,* for the appellant (defendant).

*Mary Ann Rush,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals from the trial court's judgment awarding reasonable attorney's fees to the plaintiff. On appeal, the defendant argues that the trial court improperly (1) awarded the plaintiff attorney's fees of $5625 pursuant to General Statutes § 47a-13 where the underlying award to the plaintiff was only $40, and where the fees included compensation for the prosecution of unproven, unsuccessful and frivolous claims, and (2) considered the fact that the defendant had failed to offer any amounts of money

to settle the matter prior to trial in its determination and award of attorney's fees to the plaintiff.[1] We disagree and affirm the trial court's judgment.

The facts necessary to resolve this appeal may be summarized as follows. In July, 1987, the plaintiff entered into a month-to-month lease with the defendant for an apartment at 7 Brooksdale Street, Wolcott. In December, 1987, the plaintiff brought an action in five counts in the Housing Session of the Superior Court in the judicial district of Waterbury which was transferred to the judicial district court. The first count alleged that the defendant had failed to supply running water to the plaintiff's residential apartment on a number of occasions in violation of General Statutes § 47a-13. The second count alleged that prior to leasing the premises to the plaintiff, the defendant failed to obtain a certificate of occupancy from the town of Wolcott. The third count alleged that the apartment was in violation of various health and fire code requirements. The fourth count alleged that on several occasions the defendant entered the plaintiff's apartment without permission. The final count alleged that the defendant confiscated the plaintiff's mail on several occasions. Among the remedies that the plaintiff sought were monetary damages, statutory damages pursuant to General Statutes § 47a-13, and reasonable attorney's fees.

On January 28, 1992, the trial court orally rendered judgment in open court in the plaintiff's favor on the first count finding that the defendant had violated General Statutes § 47a-13 by not providing the plaintiff with running water for three days and awarded her $40 in damages. After finding that the plaintiff failed to meet her burden of proof on the other four counts, the court rendered judgment in the defendant's favor on

[1] We note that the defendant did not contest the reasonableness of the plaintiff's counsel's hourly rate.

those counts. The trial court also set a hearing to determine whether the plaintiff was entitled to reasonable attorney's fees. On February 28, 1992, the trial court conducted the hearing by examining the parties' briefs, by reviewing the plaintiff's itemized affidavit of attorney's fees and by hearing oral argument. At that hearing, the trial court awarded the plaintiff $5625 as attorney's fees.[2] This appeal followed.

## I

The defendant argues that the trial court improperly awarded the plaintiff attorney's fees of $5625 pursuant to General Statutes § 47a-13 where the underlying damage award was $40 and where the fees included compensation for the prosecution of "unproven, unsuccessful and frivolous claims." He contends that the fees awarded were unreasonable for three reasons: "1. They are over 130 times the amount of the underlying award; 2. They include compensation for the prosecution of frivolous claims; 3. They included compensation for unproven and unsuccessful claims." We disagree.

In its discretion, the trial court may award attorney's fees in actions brought under the provisions of General Statutes § 47a-13. *Moffitt* v. *Horrigan,* 37 Conn. Sup. 873, 875, 441 A.2d 207 (1982). Subsection (b) of § 47a-13 provides in pertinent part that, "[i]n any cause of action . . . arising under subsection (a) of this section, the tenant *may* recover reasonable attorney's fees." (Emphasis added.) Section 47a-13 thus specifically affords relief to tenants, such as the plaintiff, whose landlords have failed to supply essential services, such as running water, by allowing the court in its discretion to award attorney's fees. Id., 875–76.

---

[2] Additional facts will be set forth where they are relevant to each issue.

To determine whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *Walton* v. *New Hartford,* 223 Conn. 155, 169, 612 A.2d 1153 (1992). The trial court's exercise of its discretion will be reversed only where the abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Young,* 29 Conn. App. 754, 765, 618 A.2d 65 (1992).

Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees unless the trial court has clearly abused its discretion. *Moffitt* v. *Horrigan,* supra, 876. The trial court properly could have found that the plaintiff's attorney expended considerable time and effort in an attempt to vindicate her client's statutory rights. The plaintiff's attorney needed to prepare for and conduct a trial. The trial court reasonably could find that thirty-five and one-half hours was a reasonable amount of time for which to be compensated.[3] Our review of the hearing reveals no abuse of discretion by the court in awarding attorney's fees incurred by the plaintiff in prosecuting her claims to vindicate her rights as a tenant. Id.

---

[3] The defendant's contention that the fees awarded by the trial court were not reasonable because they included compensation for the prosecution of frivolous claims is equally without merit. Our Supreme Court has stated the test for determining whether an action is frivolous. *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 463–64, 583 A.2d 1017 (1988). The court held that an appeal is frivolous if the party " 'desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.' " Id. The trial court found that the plaintiff's four claims, although unsuccessful, were not frivolous. It repeatedly stated that these claims were brought in good faith. The plaintiff, however, had been unable to satisfy her burden of proof to prevail on the merits at trial. The defendant has the burden to prove that the action is frivolous and has failed to meet this burden. Id.

## II

The defendant also asserts that the trial court improperly considered the fact that the defendant had failed to make any offer to settle the matter prior to trial in its determination and award of attorney's fees to the plaintiff. We are not persuaded.

At the hearing to determine if reasonable attorney's fees should be awarded, the court noted that the defendant had never made an offer to settle the case.[4] The court said that it did not consider this in its decision. It merely indicated that the trial could have been avoided by settlement. In justifying its decision, the court stated that the statute provided for reasonable attorney's fees and it was not acting to punish the landlord for refusing to settle. If the defendant believed, despite the trial court's statement to the contrary, that it did factor into its determination the defendant's refusal to make an offer in settlement, it was the defendant's obligation to produce a record adequate to support such a claim. See *Daly* v. *DelPonte,* 27 Conn. App. 495, 507, 608 A.2d 93 (1992). The record is devoid of any support for such an assertion.

The judgment is affirmed.[5]

In this opinion the other judges concurred.

---

[4] The court stated that "the defendant here never offered one nickel. Now, that is the defendant's right, and there is nothing improper about it, and attorney's fees are not intended to be punitive, but we do have a situation where the legislature has enacted a statute that is, I believe, intended to provide a vehicle for tenants to pursue their statutory rights in the case, and I think the tenant here very properly did so. Your client stonewalled . . . never offered a nickel to settle a case that could and should, in my opinion, have been settled even when I tried to settle it on the eve of trial. This is not in any way punitive; I mean, it was tried and, you know, the chips fell as they may. But now we do have a statute that says that the fees should be paid to the tenant, not necessarily the prevailing tenant."

[5] The plaintiff attempted to recoup additional attorney's fees for prosecuting this appeal to vindicate her rights by incorporating an itemized list

of such fees in her appendix. General Statutes § 47a-13, however, allows the trial court to award attorney's fees. We discern no authority in this statute that also permits us to award such fees.