ROBERT LAMONTAGNE *v.* MUSANO, INC.
(AC 19211)

Foti, Spear and O'Connell, Js.

Submitted on briefs October 18—officially released December 5, 2000

*Jeffrey J. Tinley* and *Stephen E. Pliakas* filed a brief for the appellant (plaintiff).

*Linda T. Wihbey* and *Joseph A. Mengacci* filed a brief for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff, Robert LaMontagne, appeals from the judgment rendered by the trial court granting his motion for counsel fees and costs in an amount substantially less than he sought. The plaintiff claims that the court abused its discretion by (1) awarding only a small fraction of his actual costs and attorney's fees pursuant to General Statutes § 52-251a,[1] and (2) focusing on inappropriate factors in determining the

---

[1] General Statutes § 52-251a provides: "Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the Superior Court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court."

amount of costs and fees to award. We affirm the judgment of the trial court.

The court made the following findings of fact. The plaintiff was employed for twenty-three years by the defendant, Musano, Inc., a construction company. When the plaintiff left the defendant's employ in 1994, and for some time prior thereto, the plaintiff held the position of foreman. The parties' dispute concerns whether the defendant promised the plaintiff a bonus incentive for working on construction jobs outside of the state of Connecticut.

In 1992, the defendant accepted work at Arlon Industries, a company in Rhode Island, and the plaintiff was asked if he would be interested in working out of state. The plaintiff, for a number of reasons, was not interested in working away from home. The plaintiff's supervisor, Fred Musano, Jr., told him he would receive a special bonus of approximately $200 per week for working out of state. After weighing the pros and cons, the plaintiff agreed to work on the Arlon job. The plaintiff never received the bonus for working out of state and periodically asked the defendant about it, but was told only that he would be paid.

In 1993, the defendant accepted a job in New Jersey at Arrow Associates, and again the plaintiff was asked to work the out-of-state job. The plaintiff, at that point, had still not received the incentive bonus that he was promised for the Arlon job. Again, the plaintiff inquired about both the bonus due him and whether he would be paid a bonus for the Arrow job. The plaintiff was told by Fred Musano, Jr., that Fred Musano, Sr., the owner of the defendant corporation, was in the midst of a federal labor investigation and that for this reason the earlier bonus was not paid, but was assured that the same bonus arrangement existed for the Arrow job. The plaintiff agreed to do the Arrow job.

Toward the end of 1993, when the federal labor investigation was finished, the plaintiff was asked to sign a release for the government. The plaintiff signed the release upon the assurance from Tony Musano, another supervisor, that this would not affect his bonus. In early 1994, the plaintiff went into the office of Fred Musano, Sr., and inquired about his bonuses for both jobs. During this meeting, he was told that he was not getting either bonus. The plaintiff decided to look for a new job, and he left the defendant's employ in May or June, 1994.

Thereafter, the plaintiff commenced a small claims action, and the case was transferred to the regular docket by motion of the defendant. The plaintiff then filed a four count complaint alleging breach of contract, quantum meruit, negligent and intentional misrepresentation, and intentional infliction of emotional distress. The defendant filed several special defenses.

After a trial to the court, a judgment was rendered that awarded the plaintiff $2800. The plaintiff then filed a motion requesting counsel fees and costs in the amount of $20,874. Attorney's fees were ordered in the amount of $3500.[2]

The plaintiff first claims that the court abused its discretion by awarding only $3500 in counsel fees to the plaintiff when he had requested $20,874 pursuant to § 52-251a. Specifically, the plaintiff argues that the court could not have logically and reasonably found that $3500 constitutes the plaintiff's reasonable attorney's fees in this case.

Our standard of review of the plaintiff's claim is well defined. "An award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the

---

[2] The trial court did not address costs.

particular circumstances of a case." *C & S Research Corp.* v. *Holton Co.*, 36 Conn. Sup. 619, 623, 422 A.2d 331 (1980). "A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case." *Moffitt* v. *Horrigan*, 37 Conn. Sup. 873, 876, 441 A.2d 207 (1982). "Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees unless the trial court has clearly abused its discretion." *Gerhard* v. *Veres*, 30 Conn. App. 199, 202, 619 A.2d 890 (1993).

"Absent contractual or statutory authorization, a party may recover from his opponent neither the expenses of litigation nor the expenditures for counsel fees." *Moffitt* v. *Horrigan*, supra, 37 Conn. Sup. 875. Section 52-251a authorizes the court to award counsel fees to the prevailing plaintiff "in a small claims matter which was transferred to the regular docket in the Superior Court on the motion of the defendant . . . ." "Section 52-251a thus creates a substantial and effective disincentive for a defendant who might otherwise raise defenses bordering on the frivolous in an effort to gain a tactical advantage over a plaintiff by obtaining a transfer of a case from the Small Claims division." *Burns* v. *Bennett*, 220 Conn. 162, 169, 595 A.2d 877 (1991).

Thus, under the statute, the court was authorized to award the plaintiff his costs and reasonable attorney's fees. The court did not abuse its discretion in determining that $3500 covered reasonable attorney's fees. The plaintiff's small claims action was for the payment of $2500 in promised bonuses. When the defendant transferred this case to the regular docket, the plaintiff hired counsel and apparently sought retaliation for the trans-

fer by directing his attorneys to file additional claims, which they did. According to the evidence adduced at trial, the additional claims were without merit, and the case on the regular docket remained a small claims action as to the dollar amount.

Section 52-251a expressly limits recovery to reasonable fees, not the amount that was actually expended. The court determines the reasonable fee to be awarded under the statute. In this case, the court reasonably could have determined that the award should be $3500. The court stated in its memorandum of decision that "[t]he court does not question that the time itemized by the plaintiff's attorney was indeed devoted to litigating this matter. Nor does the court question the reasonableness of counsel's hourly rate. However, at some point in any case involving monetary damages, and preferably at the start, it is the responsibility of litigants and their counsel to decide at what cost they intend to win. The court questions whether that determination was ever made by the plaintiff and his counsel in this case, and moreover, questions whether a defendant should have to pay for a plaintiff's unreasonableness."

The trial court was in the best position to evaluate the circumstances of this case. In evaluating this case, the court concluded that $3500 was a reasonable award, and this court may not alter an award of attorney's fees unless the trial court has clearly abused its discretion. There was sufficient evidence to support the court's conclusion that the award should be $3500. Therefore, the award was reasonable and not an abuse of discretion.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Our holding that the court's award of fees was reasonable under General Statutes § 52-251a is dispositive of the plaintiff's second claim that the court abused its discretion by focusing on inappropriate factors in awarding him costs and fees.