[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
 I. Statement of Case
The plaintiff, David Sweet, d/b/a DA Services (DAS), appeals a decision by the defendant, Commissioner of the Department for Labor of the State of Connecticut, (Commissioner). In this appeal, the plaintiff challenges the reasonableness of the amount of attorney's fees awarded to defendant CT Page 7063 Connie Freund pursuant to General Statutes §§ 31-226a and 4-183.
 II. Procedural History and Background Facts
On or about November 16, 1998, Freund filed a complaint with the defendant Commissioner alleging that her former employer, the plaintiff, discriminated against her for filing an unemployment compensation benefits claim. (Proposed Decision, p. 1). This complaint was brought pursuant to General Statutes § 31-226a.[1] An evidentiary hearing was held on May 18, 1999, at which sworn testimony and exhibits were introduced into evidence. Following the hearing, the parties submitted written briefs on the numerous issues in dispute. On or about December 27, 1999, the Commissioner's hearing officer issued a comprehensive proposed decision, which included findings of fact and conclusions of law. The hearing officer found that "D.A. Services terminated Freund's employment because Freund had filed a claim for unemployment benefits in violation of Connecticut General Statutes § 31-226a." (Proposed Decision, p. 9)
On or about May 2, 2000, the hearing officer issued a second proposed decision on the issue of damages (Proposed Decision II). In accordance with General Statutes § 31-226a (b), the award included attorney's fees and costs. In making the award, the hearing officer reduced the amount claimed for attorney's fees ($11,272.00) by thirty-three percent for a total of $7,752.60. (Proposed Decision II, p. 4). In making this reduction, the hearing officer stated in part, "[t]he Complainant is seeking attorney's fees in accordance with Attorney Hayber's usual hourly rate. However, I am exercising my discretion to reduce the rate requested in light of the proposed damages and the forum of the litigation." (Proposed Decision II, p. 4). The plaintiff submitted exceptions to the proposed decisions and requested oral argument before the Commissioner. On June 19, 2000, that proceeding took place.
The Commissioner issued a final decision on or about July 7, 2000. In the final decision, the Commissioner modified the hearing officer's damage award, but declined to alter the hearing officer's proposed award of attorney's fees. The Commissioner awarded $3,251.64 in lost wages plus interest. The Commissioner also determined that a claim of additional attorney's fees of $855.00 for the filing of exceptions and oral argument should be reduced by sixty-six percent to $290.70. The Commissioner indicated that the reduction was being made because "thirty-three percent (33%) is attributable to the same general reduction applied by Hearing Officer Lane in her proposed decision on damages. An additional thirty-three percent (33%) reduction is based upon my conclusion that in this case, it would be unreasonable and inappropriate to award additional attorney's fees for that portion of exceptions and oral argument which CT Page 7064 consisted essentially of arguing against any discretionary reduction in attorney's fees. This award of $290.70 is added to the original attorney's fees of $7,552.60 proposed by Hearing Officer Lane for total attorney's fees of $7,843.30." (Final Decision, p. 4).
The plaintiff commenced this administrative appeal through its complaint dated August 3, 2000. This appeal is brought pursuant to General Statutes §§ 31-226a and 4-183.
 III. Jurisdiction
A. Aggrievement
General Statutes § 31-226a (b) provides in pertinent part, "[a]ny party aggrieved by the decision of the commissioner may appeal the decision to the Superior Court in accordance with the provisions of chapter 54." General Statutes § 4-183 (a) provides in relevant part that "[a] person . . . who is aggrieved by a final decision may appeal to the Superior Court. . . ." "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board,203 Conn. 317, 321 (1987).
In the present matter, the Commissioner determined that the plaintiff has violated General Statutes § 31-226a (a). The defendants in this appeal have not challenged aggrievement. Thus, this court finds that the plaintiff is aggrieved.
B. Timeliness of Appeal
General Statutes § 4-183 (c) provides, in relevant part: "Within forty-five days after mailing of the final decision under § 4-180. . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court. . . ."
The final decision was mailed on July 7, 2000. The plaintiff filed the appeal with the superior court, judicial district of New Britain on August 10, 2000. The-defendant has not raised a jurisdictional defect. Thus, this court finds the appeal to be timely.
 IV. Standard of Review
CT Page 7065
"Judicial review of [an administrative agency's] action is governed by the [Uniform Administrative Procedures Act (UAPA)] . . . and the scope of that review is very restricted. . . ." (Citations omitted; internal quotation marks omitted.) Cadlerock Properties v. Commissioner,253 Conn. 661, 668, cert denied ___ U.S. ___, 121 S.Ct. 1089,148 L.Ed.2d 963
(2001). "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 4-183 (j).
 Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . [S]ubstantial evidence . . . is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . .
CT Page 7066 (Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 Conn. 669.
Further, the court must search the entire record to determine whether substantial evidence exists to support the agency's findings of fact, and whether the conclusions drawn from those facts are reasonable. Dolgnerv. Alander, 237 Conn. 272, 283 (1996).
Judicial review of the conclusions of law reached administratively is also limited.
 The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion Although the interpretation of statutes is ultimately a question of law . . . it is well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.
(Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 Conn. 669.
 V. Discussion
The Plaintiffs Claims of Error
The plaintiff in its December 6, 2000 brief contends that "Attorney's Fees awarded in the amount of $7,843.30 are unreasonable and excessive in light of the claimant's award of $3,251.62." (Plaintiffs Brief, p. 1) Plaintiff further asserts that "the award of attorney's fees in the amount of $7,843.30 which is 244% of the gross award for back wages and which Plaintiff/Employer deems to be highly unreasonable. In virtually all cases, the attorneys (sic) fees are awarded as a percentage less than of the award for damages, in no cases have the attorney's fees exceeded the amount of the underlying award." (Plaintiffs December 6, 2000 Brief, p. 2).[2]
Freund, in her June 8, 2001 brief, responds by stating in part that her attorney maintained "detailed and contemporaneous notes of his time and submitted a sworn affidavit of his fees." (Defendant's June 8, 2001 Brief, p. 2). Freund maintains that "[a]ttorney's fees are awarded under CT Page 7067 this statute, and other civil rights statutes to encourage attorneys to take cases, even where the damages at issue are small. In this case, if attorney's fees were limited to, for example, the standard 1/3 of the award, they would be approximately $1,083. The undersigned would have had to work for approximately $20 per hour. No private attorney would ever agree to work for such a fee and Ms. Freund would have had to represent herself in this action." (Defendant's June 8, 2001 Brief, p. 3).
The Commissioner argues that the "award of attorneys (sic) fees is both proper and reasonable and should be affirmed." (Defendant Commissioner's December 27, 2000 Brief, p. 12). "A review of the record makes clear the contentious nature of the proceedings below. Ms. Freund was required to litigate a four step process. First a hearing was held on May 18, 1999 on the issue of liability before Hearing Officer Volk, then another proceeding, on March 13, 2000, and lastly briefs and argument before the Labor Commissioner on June 19, 2000." (Defendant Commissioner's December 27, 2000 Brief, p. 11).
The court's analysis of this issue must begin with a statement of"[t]he general rule of law known as the "American rule' [which] is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." Chrysler Corporation v. Maiocco, 209 Conn. 579, 590 (1989). In the instant case a statutory exception does exist. General Statutes § 31-226a (b) provides in relevant part that "[a]ny employee who prevails in such a complaint shall be awarded reasonable attorney's fees and costs."
In determining a reasonable attorney's fee "[a] court has few duties of a more delicate nature. . . . The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case. Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees unless the trial court has clearly abused its discretion." (Internal citations omitted.) LaMontagne v. Musano,61 Conn. App. 60, 64 (2000).
The issue presented in this case is not whether attorney's fees should be awarded but whether the Commissioner's award was reasonable in light of the entire record of the administrative proceeding. The court finds guidance in determining this issue in the cases of Riggio v. OrkinExterminating Company, 58 Conn. App. 309 (2000) and Steiger v. J.S.Builders, Inc., 39 Conn. App. 32 (1995). The Appellate Court in evaluating what are reasonable attorney's fees under the Connecticut CT Page 7068 Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110a, et seq., adopted the guidelines articulated in Johnson v. Georgia HighwayExpress, Inc., 488 F.2d 714, 717 (5th Cir. 1974). In that case:
 [T]he question before the Fifth Circuit Court of Appeals concerned the adequacy of attorney's fees awarded by the District Court in an across-the-board' action to remedy employment discrimination" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Circuit Court of Appeals set out twelve guidelines for the District Court to consider on remand in setting reasonable attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6)whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship; (12) awards in similar cases.
Steiger v. J.S. Builders, Inc., supra, 39 Conn. App. 38.
In applying the guidelines relevant to this case, the court finds that there is substantial evidence in the record to support the Commissioner's award. Contrary to the plaintiff's position, the court finds that it is inappropriate to focus solely upon the amount of the award because it will not result in a figure which is a reasonable attorney's fee. The administrative proceeding was commenced pursuant to General Statutes § 31-226a to remedy prohibited employment discrimination. It is readily apparent from an examination of the record that a substantial amount of time and effort was expended by Freund's attorneys in bringing about a successful result. A review of the transcripts of the hearings and the attorney's briefs clearly discloses to the court that all counsel are skilled and competent attorneys, who were at all times prepared to advocate for their respective clients. Freund's attorney provided the Commissioner with affidavits in support of the attorney's fees claims. The claims were evaluated by the Commissioner and his hearing officer and reduced by a substantial amount.
The court has searched the entire record and performed its own CT Page 7069 independent examination of the case. The Commissioner's award of attorney's fees is found to be reasonable.
 VI. Conclusion
For all the foregoing reasons, the appeal is ordered dismissed.
 BY THE COURT: PETER EMMETT WIESE, JUDGE.