******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PETER LEE *v.* RICHARD H. STANZIALE
(AC 36519)

Gruendel, Lavine and Bishop, Js.

*Argued September 25—officially released December 1, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Woods, J.)

*Robert Shluger*, for the appellant (defendant).

*Adam J, Teller*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. In this landlord-tenant case, the defendant, Richard H. Stanziale, appeals from the judgment of the trial court awarding the plaintiff, Peter Lee, a total of $18,122.50 in attorney's fees and costs pursuant to General Statutes § 52-251a. The defendant contends that the court abused its discretion in so doing. We disagree and, accordingly, affirm the judgment of the trial court.

In its memorandum of decision, the court found the following facts. The defendant is the owner of residential rental property known as 56 Brace Road in West Hartford (property). In April, 2010, the plaintiff entered into a written agreement to lease the property from the defendant from May 1, 2010, to April 30, 2011, at a rate of $2500 per month. At that time, the plaintiff paid a $5000 security deposit to the defendant.

During his tenancy, the plaintiff notified the defendant of various problems he claimed to have encountered with the property. Those problems included inadequate heat on the third floor of the residence, electrical wiring issues, and an asbestos wrapped furnace.

In early September, 2010, the plaintiff informed the defendant of his intention to vacate the property before the lease expired. The parties thereafter discussed the termination of the lease agreement. On November 12, 2010, the defendant listed the property with a realtor, and soon received multiple offers from prospective tenants. On December 15, 2010, the defendant entered into a lease agreement with a new tenant for a term of two years commencing on January 1, 2011, at a monthly rate of $2500.

Although he paid rent to the defendant through December 31, 2010, the plaintiff vacated the property on December 19, 2010. On that date, he completed a walk-through of the property with the defendant's realtor, who found the property to be in clean condition.[1] At the defendant's request, the plaintiff topped off the oil tank and returned the keys to the property.

On December 20, 2010, the plaintiff requested the return of his $5000 security deposit. In early January, 2011, the defendant sent the plaintiff a "preliminary deposit accounting" alleging that, beyond exhausting that security deposit, the plaintiff owed him $1518.50. Nine days later, the defendant sent the plaintiff a second accounting, claiming that the plaintiff owed him $2405.57 due to, inter alia, certain repairs for damages to the property allegedly caused by the plaintiff, a $5000 realtor fee incurred by the defendant in renting the property to new tenants, and $720 in legal fees for an initial consultation with the defendant's attorney.

A small claims action ensued. On May 19, 2011, the

plaintiff, who at the time was self-represented, commenced this action in the small claims session of the Superior Court to recover his security deposit. The small claims writ and notice of suit filed by the plaintiff specified that the amount claimed was $10,000.[2] It further alleged: "You did not provide a final complete accounting for keeping our entire $5000 security deposit plus interest. The damages and expenses on your 'preliminary accounting' are not reasonable, e.g., realtor fees ($5000), legal fees, damages, etc. At your request, I vacated on December 19, 2010, despite paying full rent through December 31, 2010. You owe me $967.74 for rent paid from December 20, 2010 through December 31, 2010. You failed to repair multiple items including but not limited to lack of heat on the third floor."

The defendant, through his legal counsel, responded by filing a motion to transfer the matter to the regular docket of the Superior Court pursuant to Practice Book § 24-21. The plaintiff filed an opposition to the motion, in which he argued that the substance of the controversy between the parties properly was within the purview of the small claims court. The plaintiff also represented that "[i]t would be a financial burden to pursue this case in regular civil court, as I planned to represent myself in small claims court, and most likely will not be able to do so in regular civil court." Despite that opposition, the matter was transferred to the regular docket of the Superior Court. The notice of that transfer provided to the parties by the court stated in relevant part that "[i]f the plaintiff hires a lawyer and the court rules in his or her favor after a case has been transferred to the regular civil docket at the request of a defendant, the court may allow the plaintiff a reasonable lawyer's fee as part of the costs to be paid by the defendant."

The defendant then filed a counterclaim predicated on the plaintiff's anticipatory breach of the lease agreement, which sought a setoff of $7468.07 in damages.[3] In response, the plaintiff retained an attorney and filed his answer to the defendant's counterclaim, as well as an amended complaint. As the court noted in a subsequent articulation of its decision, "the complexity of the case increased when it was transferred to the regular civil docket, by the defendant's motion . . . . The parties conducted discovery, filed pretrial memoranda pursuant to a pretrial management order . . . and filed other pretrial motions and requests. Trial spanned five days and almost eight months. The parties submitted almost one hundred exhibits, and the court took testimony from a variety of witnesses. Posttrial briefs were subsequently submitted by the parties . . . . On August 9, 2013, after more than two years since the case was commenced in small claims court, the plaintiff obtained judgment in his favor."

In its August 9, 2013 memorandum of decision, the

court found in relevant part that "the plaintiff is the prevailing party in this action for return of his security deposit. . . . The plaintiff tenant has established, by a fair preponderance of the evidence, that he is entitled to a portion of his security deposit, plus interest." At the same time, the court found that the defendant was entitled to a setoff of $1320.78 for certain damages sustained as a result of the plaintiff's breach of the lease agreement. The court thus rendered judgment in favor of the plaintiff in the amount of $4788.01, as well as an award of "reasonable attorney's fees and costs, pending the submission of the plaintiff's affidavit." The defendant filed a motion for reconsideration, which the court denied on December 13, 2013.

At the court's behest, the plaintiff's counsel filed a sworn affidavit stating that her hourly rate for services rendered in the case was $250 and that she had spent approximately sixty-three hours on the matter over the course of more than twenty-five months. She thus averred that the attorney's fees and costs expended in the matter totaled $15,975. Following an objection by the defendant, the court, on January 17, 2014, awarded the plaintiff $14,750 in attorney's fees and costs pursuant to § 52-251a.

On February 6, 2014, the defendant appealed to this court. His appeal form indicated that he was appealing from not only the court's January 17, 2014 judgment awarding attorney's fees to the plaintiff, but also from the court's August 9, 2013 judgment on the merits of the underlying litigation and its December 13, 2013 judgment denying his motion for reconsideration. In response, the plaintiff moved to dismiss the appeal in part as untimely. By order dated April 10, 2014, this court granted the motion to dismiss the defendant's appeal "as it relates to the August 9, 2013 judgment and the December 13, 2013 denial of the defendant's motion for reconsideration. The appeal remains pending as it relates to the January 17, 2014 award of attorney's fees."

Approximately one month later, the plaintiff, pursuant to § 52-251a, filed with the trial court a motion "for an award of additional attorney's fees as the 'prevailing party' in connection with the successful defense of the defendant's untimely appeal of the judgment of August 9, 2013, in this matter." Appended to that motion was an affidavit of attorney's fees, in which the plaintiff's appellate counsel, Attorney Adam J. Teller, averred that the "total expense related to obtaining dismissal of the appeal as to the August 2013 judgment" was $3372.50. Following a hearing, the court granted that motion. The defendant thereafter amended his appeal with this court to include a challenge to that additional award of attorney's fees.

On April 30, 2014, the defendant filed with this court a motion for review, in which he sought, inter alia, an order that the trial court articulate the basis of its

determination that the plaintiff was the prevailing party in this action and what portion of the $14,750 in attorney's fees and costs originally awarded to the plaintiff was for work expended on successful claims. This court granted that motion by order dated June 25, 2014. One month later, the trial court issued a memorandum articulating the basis of its decision. The court first noted that it had found in favor of the plaintiff on his action to recover his security deposit. As it explained: "The plaintiff is the prevailing party because the court found that he was entitled to the return of his security deposit. The defendant alleged that he was entitled to retain the security deposit and collect additional funds from the plaintiff. However, [the] court did not find that the defendant was entitled to any amount in addition to the security deposit. In fact, [the] court found that the defendant owed the plaintiff a majority of the security deposit, plus interest." With regard to the apportionment of legal fees awarded for what this court in its order had termed "successful" versus "unsuccessful" claims, the trial court stated that it was "unaware of any authority requiring the court to discern between successful and unsuccessful claims when determining the reasonableness of attorney's fees." The court also emphasized that the plaintiff initially commenced the action as a self-represented party in the small claims court and that the complexity and duration of the case increased dramatically when it was transferred to the regular docket on the motion of the defendant.

One week later, the defendant filed with this court another motion for review that sought to have the trial court articulate "whether any portion of the amount awarded for attorney's fees was for hours worked solely on the prosecution of wholly unsuccessful claims," which this court granted by order dated September 10, 2014. In its subsequent articulation, the trial court clarified that "the amount awarded for attorney's fees was strictly for the prosecution of successful claims. . . . The trial court reviewed the presentation of evidence, the effort expended by the plaintiff's counsel, as well as the complexity of the legal issues in the case. Counsel was awarded reasonable attorney's fees specifically for the prosecution of successful claims."

Before considering the specific claims of error alleged by the defendant in this appeal, we first note what is not in dispute. In its August 9, 2013 memorandum of decision, the court expressly found that the plaintiff was the prevailing party in this action to recover a security deposit. The court further explained the basis for that finding in its July 23, 2014 articulation. In this appeal, the defendant does not challenge the propriety of that determination. To the contrary, he concedes in his appellate brief that "the Appellate Court is not able to reverse the findings of the court to correct who the prevailing party was, for purposes of this appeal of the discretionary award of § 52-251a attor-

ney's fees . . . ." We therefore do not revisit the court's determination that the plaintiff was the prevailing party in the proceeding below.

I

The defendant's principal claim concerns the proper application of § 52-251a. He maintains that the court improperly awarded the plaintiff attorney's fees and costs pursuant to that statute. We do not agree.

"[T]he common law rule in Connecticut, also known as the American Rule, is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Berzins* v. *Berzins*, 306 Conn. 651, 661, 51 A.3d 941 (2012). Section 52-251a is such an exception, permitting "the imposition of costs and fees, including attorney's fees, to be imposed on a defendant who has transferred the case from small claims to the regular docket of the Superior Court and has not prevailed in the action." *Welch* v. *Stonybrook Gardens Cooperative, Inc.*, 158 Conn. App. 185, 191 n.6, 118 A.3d 675, cert. denied, 318 Conn. 905,      A.3d      (2015).

In their respective appellate briefs, the parties misconstrue that statute. The defendant posits that a prevailing party may recover attorney's fees and costs thereunder only if the trial court first makes "a finding that the defendant, in the transfer of this case to the regular docket, engaged in some identifiable misconduct sufficient enough to be punished by the penalty of attorney's fees." The plaintiff, by contrast, submits that a trial court "arguably would have abused its discretion if it had awarded the plaintiff no attorney's fees" under § 52-251a once it found the plaintiff to be the prevailing party. Both claims are wide of the mark.

The proper construction of § 52-251a presents a question of law over which our review is plenary. See *Spears* v. *Elder*, 156 Conn. App. 778, 785, 115 A.3d 482 (2015). "In making such determinations, we are guided by fundamental principles of statutory construction." (Internal quotation marks omitted.) *Ulbrich* v. *Groth*, 310 Conn. 375, 448, 78 A.3d 76 (2013); see General Statutes § 1-2z (statutory interpretation process). We therefore begin with the language of the statute.

Section 52-251a provides: "Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the Superior Court on the motion of the defendant, the court *may allow* to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court." (Emphasis added.) The statute plainly sets forth the following essential elements: (1) that the action originally was commenced in the small claims docket of the Superior Court; (2) that the defendant moved to transfer the action to the regular docket of the Superior Court; (3) that the action was so trans-

ferred; (4) that the plaintiff prevailed in the action; and (5) that the trial court deemed an award of attorney's fees and costs appropriate.

Distilled to its essence, the defendant's claim asks this court to expand the statutory requirements of § 52-251a to require "a finding . . . [of] some identifiable misconduct" warranting application thereof. The defendant maintains that because he presented good faith claims and defenses—on which he prevailed in part when the court awarded him a setoff of $1320.78—rather than frivolous ones, the court could not justifiably render an award under § 52-251a. He further claims that the court failed to consider the purposes underlying that statute. For multiple reasons, we disagree.

First, and most significantly, § 52-251a contains no such requirement. It is fundamental that this court is obligated to "construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions . . . . The intent of the legislature . . . is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute . . . . That is a function of the legislature." (Internal quotation marks omitted.) *Doe* v. *Norwich Roman Catholic Diocesan Corp.*, 279 Conn. 207, 216, 901 A.2d 673 (2006); see also *Lucarelli* v. *State*, 16 Conn. App. 65, 70, 546 A.2d 940 (1988) ("[c]ourts must interpret statutes as they are written . . . and cannot, by judicial construction, read into them provisions which are not clearly stated" [citation omitted]). In addition, when the General Assembly wants to depart from a broad grant of discretion to our trial judges in awarding attorney's fees, it certainly knows how to do so. See, e.g., General Statutes § 52-240a (authorizing court to award reasonable attorney's fees in product liability action only "[i]f the court determines that the claim or defense is frivolous"); accord *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 770–71 n.17, 900 A.2d 1 (2006) (noting that legislature knows how to enact legislation consistent with its intent); *Genesky* v. *East Lyme*, 275 Conn. 246, 258, 881 A.2d 114 (2005) ("if the legislature wants to [engage in a certain action], it knows how to do so").

Furthermore, in construing § 52-251a, "we do not write on a clean slate, but are bound by our previous judicial interpretations of this language and the purpose of the statute." (Internal quotation marks omitted.) *Commissioner of Public Safety* v. *Freedom of Information Commission*, 312 Conn. 513, 527, 93 A.3d 1142 (2014). Our courts have rejected attempts by litigants to graft additional requirements onto that legislative enactment. For example, in *Forastiere* v. *Higbie*, 95 Conn. App. 652, 657, 897 A.2d 722, cert. denied, 280 Conn. 902, 907 A.2d 89 (2006), the defendant argued that the court improperly awarded attorney's fees under § 52-251a because the parties were "equally sophisti-

cated litigants" and because the court had ruled in favor of the defendant on one of the counts of the plaintiffs' complaint. This court disagreed, emphasizing that the statute "does not require a party to be more sophisticated than the opposing party or that a party must prevail as to every claim. The court's discretion to award attorney's fees under § 52-251a . . . is not limited by the relative sophistication of the parties or the number of counts on which the plaintiffs prevail." Id. Similarly, in *Petti* v. *Balance Rock Associates*, 12 Conn. App. 353, 363, 530 A.2d 1083 (1987), this court rejected a claim that the plaintiff was not entitled to recover under § 52-251a because her attorney had filed an appearance and had begun work on the case prior to its transfer to the regular docket of the Superior Court. After noting that "no such limitation" is contained in § 52-251a, this court declined to engage in a "judicial expansion of the statutory requirements of § 52-251a." Id. To the extent that the defendant invites this court to rewrite the parameters of § 52-251a, we decline to do so, as that remains properly the province of our General Assembly.

Second, we note that the policy underlying § 52-251a is broader than the question of frivolity. Although, as this court has noted, one purpose of § 52-251a is to provide "a substantial and effective disincentive for a defendant who might otherwise raise defenses bordering on the frivolous"; *Burns* v. *Bennett*, 220 Conn. 162, 169, 595 A.2d 877 (1991); the larger aim "is to deter . . . defendants from transferring a case from the small claims session and turning a relatively clear-cut case into a pitched legal battle." *Krack* v. *Action Motors Corp.*, 87 Conn. App. 687, 697, 867 A.2d 86, cert. denied, 273 Conn. 926, 871 A.2d 1031 (2005). That aim serves to protect not only the interests of litigants who often proceed on a self-represented basis; see id., 697 (noting the "undesirability to attorneys" in small claims cases); and over whom a defendant often possesses "superior economic resources"; id., 695; but also the interests of judicial economy by not clogging our courts with noncomplex litigation in which modest sums are sought.

The present case involves an action to recover a $5000 security deposit. The trial court ultimately concluded that the plaintiff had demonstrated his entitlement thereto, less a $1320.78 setoff to the defendant. Although the court did not specifically reference a "pitched legal battle," its December 19, 2014 articulation of its memorandum of decision portrays exactly that. As the court recounted: "[T]he plaintiff, as a pro se party, initially filed this matter in small claims court on May 19, 2011. However, the complexity of the case increased when it was transferred to the regular civil docket, by the defendant's motion . . . . The parties conducted discovery, filed pretrial memoranda pursuant to a pretrial management order . . . and filed other

pretrial motions and requests. Trial spanned five days and almost eight months. The parties submitted almost one hundred exhibits, and the court took testimony from a variety of witnesses. Posttrial briefs were subsequently submitted by the parties . . . . On August 9, 2013 . . . more than two years since the case was commenced in small claims court, the plaintiff obtained judgment in his favor."[4] Such protracted litigation is precisely what § 52-251a is intended to deter. See *Rana* v. *Terdjanian*, 136 Conn. App. 99, 117, 46 A.3d 175, cert. denied, 305 Conn. 926, 47 A.3d 886 (2012).

Third, the record does not substantiate the defendant's assertion that the trial court failed to consider those underlying purposes in this case. In his appellate brief, the defendant contends that "[i]t is clear from [the court's] articulation that the trial court never considered the purposes behind the statute." We disagree. Despite filing a motion for reconsideration, an objection to the award of attorney's fees and costs, and multiple requests for articulation, at no time did the defendant raise that distinct claim before the trial court. "It is fundamental that claims of error must be distinctly raised and decided in the trial court." *State* v. *Faison*, 112 Conn. App. 373, 379, 962 A.2d 860, cert. denied, 291 Conn. 903, 967 A.2d 507 (2009). Our rules of practice require a party, as a prerequisite to appellate review, to distinctly raise such claims before the trial court. See Practice Book § 5-2 ("[a]ny party intending to raise any question of law which may be the subject of an appeal must . . . state the question distinctly to the judicial authority"); see also Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at trial or arose subsequent to trial"); accord *Remillard* v. *Remillard*, 297 Conn. 345, 351, 999 A.2d 713 (2010) (raised distinctly means party must bring to attention of trial court precise matter on which decision is being asked). As our Supreme Court has explained, "[t]he reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *Travelers Casualty & Surety Co. of America* v. *Netherlands Ins. Co.*, 312 Conn. 714, 761–62, 95 A.3d 1031 (2014). For that reason, Connecticut appellate courts generally "will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998); see also *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims "neither addressed nor decided" by trial court are not properly before appellate tribunal).

The record before us nonetheless belies the defendant's claim. "In Connecticut, our appellate courts do

not presume error on the part of the trial court." (Internal quotation marks omitted.) *Jalbert* v. *Mulligan*, 153 Conn. App. 124, 145, 101 A.3d 279, cert. denied, 315 Conn. 901, 104 A.3d 107 (2014). Rather, absent a showing to the contrary, we presume that the court properly considered all relevant criteria in awarding the plaintiff attorney's fees and costs pursuant to § 52-251a. See *Kaczynski* v. *Kaczynski*, 294 Conn. 121, 129–30, 981 A.2d 1068 (2009) (presume court undertook proper analysis of law and facts and acted properly in rendering judgment). As we read the court's articulations of its memorandum of decision, it was indeed cognizant of the policies underlying § 52-251a, and fashioned its award mindful that a relatively straightforward small claims action to recover a security deposit was transformed into a pitched legal battle once it was transferred to the regular docket of the Superior Court. We therefore reject the defendant's bald assertion that the court failed to consider those policies.[5]

At that same time, we also cannot agree with the plaintiff's suggestion that a trial court abuses its discretion if it declines to award a plaintiff attorney's fees and costs under § 52-251a when that plaintiff is the prevailing party. That statute specifically provides that a trial court "may allow" a prevailing plaintiff to recover reasonable attorney's fees and costs when a small claims matter was transferred to the regular docket on the motion of the defendant. Accordingly, our courts consistently have interpreted that grant of authority as discretionary in nature. As this court has held, "[a]n award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case." (Internal quotation marks omitted.) *LaMontagne* v. *Musano, Inc.*, 61 Conn. App. 60, 63–64, 762 A.2d 508 (2000); see also *Krack* v. *Action Motors Corp.*, supra, 87 Conn. App. 694 ("[w]e review the award of attorney's fees [pursuant to § 52-251a] for a clear abuse of discretion"); *Petti* v. *Balance Rock Associates*, supra, 12 Conn. App. 363 (language of § 52-251a "allows the court discretion in whether attorney's fees should be awarded"). That precedent is consistent with the precept that the use of the term "may" in a statute generally is construed as "directory rather than mandatory. . . . The word may, unless the context in which it is employed requires otherwise, ordinarily does not connote a command. Rather, the word generally imports permissive conduct and the conferral of discretion." (Citation omitted; internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 252 Conn. 115, 122, 742 A.2d 1257 (2000). We adhere to that precedent, and conclude that whether to award attorney's fees and costs pursuant to § 52-251a is a matter left to the sound discretion of the trial court.

## II

The remaining question is whether the court abused its discretion in awarding the plaintiff attorney's fees and costs in the present case. "A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial court has clearly abused its discretion . . . . Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees [pursuant to § 52-251a] unless the trial court has clearly abused its discretion." (Citation omitted; internal quotation marks omitted.) *LaMontagne* v. *Musano, Inc.*, supra, 61 Conn. App. 64.

In its first articulation of its decision, the court detailed how a relatively minor dispute over a security deposit became a protracted legal battle once the matter, on the defendant's motion, was transferred from the small claims session to the regular docket of the Superior Court. The court explained that, following that transfer, both the complexity and the duration of the case dramatically increased. In its second articulation, the court, citing relevant case law, emphasized that "the fact-finding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of the circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties. . . . Nothing in our law is more elementary than that the trier [of fact] is the final judge of the credibility of witnesses and the weight to be accorded to the testimony." (Citations omitted; internal quotation marks omitted.) The court then stated that it "reviewed the presentation of evidence, the effort expended by the plaintiff's counsel, as well as the complexity of the legal issues in the case" in deciding whether to award attorney's fees and costs to the plaintiff. In addition, the court clarified that "[t]he amount awarded . . . was strictly for the prosecution of successful claims."[6]

Having presided over a five day trial over the course of eight months, the trial court was in the best position to evaluate the particular circumstances of this case, as well as the reasonableness of the attorney's fees requested by the plaintiff. Given the nature of the plaintiff's initial action before the small claims court, the years of litigation that followed its transfer to the regular docket, and the court's specific findings of fact as detailed in its memorandum of decision and two subsequent articulations, we cannot conclude that the court clearly abused its discretion in awarding reasonable attorney's fees and costs to the plaintiff as the prevailing party pursuant to § 52-251a.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] At trial, an e-mail dated December 19, 2010, from the defendant's realtor, Abbe Friedman, to the defendant was admitted into evidence. In that correspondence, Friedman stated that "[t]he house is in pristine condition, with the exception of a leaking pipe in the master bedroom sink. . . . The house will not need to be cleaned for the new tenants as it is very clean." Friedman also indicated that, during the walk-through earlier that day, the plaintiff attempted to surrender his keys to the residence, but she refused. As Friedman stated: "I refused to sign anything today acknowledging receipt of [the keys]. I did not know if by signing anything it would be harmful to your future action, so I decided not to sign. He will mail them by registered mail."

[2] Although the jurisdiction of the small claims court generally is confined to actions in which a party claims "money damages not in excess of five thousand dollars"; General Statutes § 51-15 (d); our General Statutes permit a plaintiff tenant seeking the return of a security deposit from a landlord to recover twice the amount thereof. See General Statutes §§ 47a-21 (d) and 51-15 (d).

[3] General Statutes § 52-139 (a) provides: "In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other."

[4] The docket summary in this case contains more than 100 entries subsequent to its transfer to the regular docket of the Superior Court.

[5] *Costanzo* v. *Mulshine*, 94 Conn. App 655, 893 A.2d 905, cert. denied, 279 Conn. 911, 902 A.2d 1070 (2006), therefore is distinguishable from the present case. In *Constanzo*, this court held that the trial court abused its discretion in failing to award the plaintiff a larger amount of attorney's fees and costs pursuant to § 52-251a due to, inter alia, "the court's apparent lack of consideration" of the policies underlying that statute. Id., 663. *Constanzo* thus instructs that consideration of those policies is not a prerequisite to the court's exercise of discretion pursuant to § 52-251a, but rather constitutes a factor in that discretionary determination.

[6] We note that the court did not award the plaintiff the full amount of attorney's fees and costs requested, but rather reduced that amount by $1225.